**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

FRANKLIN DOUGLAS,

      Movant,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CIVIL ACTION NO.: 2:21-cv-122

(Case No.: 2:17-cr-13)

**REPORT AND RECOMMENDATION**

Movant Franklin Douglas ("Douglas"), who is currently housed at the United States Penitentiary in Coleman, Florida, filed a recharacterized 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Docs. 1, 2.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Douglas' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Douglas *in forma pauperis* status on appeal and a Certificate of Appealability.

**BACKGROUND**

Douglas was charged by indictment of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  United States v. Douglas, 2:17-cr-13 ("Crim. Case"), Doc. 1.  The Government notified the Court on August 17, 2017, it had reached a plea agreement with Douglas after his motion to suppress was denied.  Crim. Case, Docs. 22, 23, 25.  As part of the plea, the Government notified Douglas he faced a sentence of not more than 10 years' imprisonment on the count to which he was pleading guilty.  Doc. 29 at 2.  On April 18, 2018, the Honorable Lisa Godbey Wood sentenced Douglas to 120 months' imprisonment, and

judgment was entered on April 24, 2018.  Crim. Case, Docs. 33, 34.  Douglas did not file a direct

appeal.

Douglas submitted a letter/motion on September 7, 2021, which the Court

recharacterized, without objection, as a § 2255 Motion to Vacate, Set Aside, or Correct his

Sentence.  Docs. 1, 2.  Douglas contends he should not have received a four-level sentence

enhancement under United States Sentencing Guidelines § 2K2.1 and urges the Court to follow

non-binding authority from the Sixth Circuit, the most recent of which is dated 2010.  Doc. 2.

Douglas concedes he signed a plea agreement but states his lawyer failed to object to the four-

level enhancement.  Id.

## DISCUSSION

### I.       Whether Douglas' Motion Is Timely

To determine whether Douglas filed his § 2255 Motion in a timely manner, the Court

must look to the applicable statute of limitations periods.  Motions made via § 2255 are subject

to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs

from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Douglas was sentenced to 120 months' imprisonment on April 18, 2018, and the Court's

final judgment was entered on April 24, 2018.  Crim. Case, Docs. 33. 34.  Douglas had 14 days,

or until May 8, 2018, to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P.

6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant

does not appeal his conviction or sentence, the judgment of conviction becomes final when the

time for seeking that review expires).  Because Douglas did not file an appeal, he had until May

8, 2019, to file a timely § 2255 motion.  28 U.S.C. § 2255(f)(1).  However, he did not execute his

recharacterized § 2255 Motion until August 28, 2021, and it was filed on September 7, 2021.

Consequently, Douglas' Motion is untimely under § 2255(f)(1) by more than two years' time.

Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014)

("The law is and always has been that a statute of limitations creates a definitive deadline; a

complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as

if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

Douglas fails to argue he is entitled to the statute of limitations period set forth in

§ 2255(f)(2), (3), or (4).  To the extent Douglas wishes to argue the statute of limitations period

should be equitably tolled, the Court must now determine whether Douglas is entitled to

equitable tolling of the applicable statute of limitations period.

## II.    Whether Douglas Is Entitled to Equitable Tolling

The applicable limitations period is not jurisdictional, and, as a consequence, the

established one-year limitation "is subject to equitable tolling in appropriate cases."  Holland v.

Florida, 560 U.S. 631, 645 (2010).  "A movant 'is entitled to equitable tolling only if he shows

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented him from timely filing.'"  Williams v. United States, 586

F. App'x 576, 576 (11th Cir. 2014) (quoting Holland, 560 U.S. at 649).  Equitable tolling is

typically applied sparingly and is available "only in truly extraordinary circumstances."  Johnson

v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  "The [movant] bears the burden of

proving his entitlement to equitable tolling," Jones v. United States, 304 F.3d 1035, 1040 (11th

Cir. 2002), "and will not prevail based upon a showing of either extraordinary circumstances or

diligence alone; the [movant] must establish both."  Williams v. Owens, No. CV113-157, 2014

WL 640525, at *3 (S.D. Ga. Feb. 18, 2014) (citing Arthur v. Allen, 452 F.3d 1234, 1252 (11th

Cir. 2006)); Damren v. Florida, 776 F.3d 816, 821–22 (11th Cir. 2015).

Douglas fails to show he was pursuing his rights diligently and some extraordinary

circumstance prevented him from executing his § 2255 Motion prior to August 28, 2021.

Consequently, Douglas is not entitled to the equitable tolling of the applicable statute of

limitations period, and his § 2255 Motion is time barred.  Thus, the Court should **DISMISS**

Douglas' § 2255 Motion.

### III.	Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Douglas leave to appeal *in forma pauperis*.  Though Douglas

has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's

order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in

forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An

appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good

faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be

judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla.

1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or

argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is

frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued.  Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Douglas' § 2255 Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Douglas a Certificate of Appealability, Williams is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Douglas' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Douglas a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

6

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA